IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-4, ASSET-BACKED CERTIFICATES, SERIES 2005-4, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17-CV-470-TCK-JFJ ) |
| DOUGLAS W. MURPHY; JANE DOE; SPOUSE OF DOUGLAS W. MURPHY IF MARRIED; OCCUPANTS OF THE PREMISES; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Deutsche Bank National Trust Company's Motion to Remand Action to State Court ("Motion to Remand") (Doc. 21). For reasons explained below, Plaintiff's Motion to Remand is GRANTED in part and DENIED in part. The case is REMANDED to the District Court for Tulsa County, Oklahoma.

I. **Background**

This case arises out of an alleged breach of payment obligations under a promissory note. Plaintiff alleges that on or about November 1, 2009, Defendant Douglas Murphy ("Murphy") stopped making payments on a note in the sum of $117,000. Plaintiff filed the First Amended Petition ("FAP") on May 10, 2016 in the District Court for Tulsa County, Oklahoma. Murphy filed his Answer to the FAP on August 18, 2016.

1

The parties continued to litigate this case in state court for almost one year. On August 16, 2017, Murphy, appearing *pro se*, filed a Notice of Removal with this Court. Plaintiff filed its Motion to Remand on September 12, 2017, arguing that this matter should be remanded because it was not removed within thirty days after receipt of the initial pleading, as required under 28 U.S.C. § 1446(b)(1).

## II.     Plaintiff's Motion to Remand

### A.     Standard for Removal

A defendant may remove any case that originally could have been filed in federal court. *See* 28 U.S.C. § 1446(a) (2017). The removing party must file a notice of removal within thirty days of receiving the pleading or another document from which the party can first ascertain that the case is removable. *See* 28 U.S.C. § 1446(b)(1) and (3) (2017). Failure to comply with these procedural requirements warrants remand. *Id*. However, because these requirements are procedural, rather than jurisdictional, they can be waived, usually by the remanding party's conduct. *See Huffman v. Saul Holdings Ltd. P'ship.*, 194 F.3d 1072, 1076-77 (citing *Baris v. Sulpicio Lines, Inc*., 932 F.2d 1540, 1543-44 (5th Cir. 1991)).

### B.     Discussion

Murphy had notice of this action at least as early as August 18, 2016, when he filed his answer to the FAP. However, Murphy did not file his Notice of Removal until August 16, 2017, nearly one year later. Murphy concedes that his Notice of Removal was untimely, but contends that this Court should waive the thirty-day limitation in this case in the interest of fairness.

Waiver may be appropriate where the remanding party has failed to object to removal in a timely manner, pursuant to 28 U.S.C. § 1447(c), or has engaged in other conduct in federal

court "of a sort which would render it offensive to fundamental principles of fairness to remand." *See In re Mcgill*, No. 16-cv-707, 2017 U.S. Dist. LEXIS 2100, at *8 (quoting *Barahona*, No. CV 08-04634, 2008 WL 4724054, at *3 (internal citations omitted)); *see also Huffman*, 194 F.3d at 1076-77; *Brazell v. Waite*, 525 Fed. Appx. 878, 884 (10th. Cir. 2013) (unpublished). In evaluating the remanding party's conduct, the Court looks to (1) the time spent in federal court; (2) the use of federal processes; (3) petitions for and receipt of affirmative relief; and (4) other actions which would make remand inequitable under the circumstances. *See In re Mcgill*, 2017 U.S. Dist. LEXIS 2100, at *8 (citing *Patel v. Smith*, No. 11-6650, 2012 WL 3020353, at *3 (E.D. Pa. July 23, 2012)).

In this case, Murphy asks the Court to waive the requirements of 28 U.S.C. § 1447 out of fairness, but cites no grounds upon which the Court can grant waiver. The Court finds no conduct by Plaintiff that would constitute grounds to waive the thirty-day removal period. Plaintiff's Motion to Remand was timely filed within thirty days of the Notice of Removal, as required under 28 U.S.C. § 1447(c). Further, Plaintiff's participation in this proceeding prior to filing its Motion to Remand was limited to administrative filings and a procedural motion. This conduct does not rise to the level that would render it offensive to fundamental principles of fairness to remand. Accordingly, waiver is inappropriate and this Court must grant Plaintiff's Motion to Remand.

## III. Conclusion

Plaintiff's Motion to Remand (Doc. 21) is GRANTED in part and DENIED in part. The case is REMANDED to the District Court for Tulsa County, Oklahoma. In the Court's

discretion, Plaintiff's Motion to Remand is DENIED as to its request for attorney fees and costs incurred as a result of the removal of this case.

**DATED THIS 19th day of December, 2017.**

_____
**TERENCE C. KERN**
**United States District Judge**